Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiff
JOSEPH A.L. PETERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH A.L. PETERS,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYRES, ROBERT THOMPSON, and DOE 1 to 50,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This action involves the shooting of JOSEPH A.L. PETERS by IAN AYRES and ROBERT THOMPSON, law enforcement officers employed by the COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, and Sheriff RICHARD L. WARREN JR.

**JURISDICTION & VENUE**

1.    This Court has original jurisdiction of the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.    Venue is proper in the United State District Court for the Eastern District of California

1

pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.    Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Glenn, California.

## EXHAUSTION

4.    Plaintiff JOSEPH A.L. PETERS submitted a government claim to the COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE regarding the claims asserted herein on November 6, 2018, and an amended government claim on November 19, 2018. The November 8, 2018, government claim was rejected in writing on November 20, 2018, and the amended government claim was rejected for failure to act on the claim within 45 days after the claim was presented.

## PARTIES

5.    Plaintiff JOSEPH A.L. PETERS is a resident of the State of California, County of Glenn.

6.    Defendant COUNTY OF GLENN is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7.    Defendant GLENN COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8.    Defendant RICHARD L. WARREN JR. is, and at all times material herein was, a law enforcement officer and the sheriff of Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant RICHARD L. WARREN JR. is sued in his individual capacity.

9.    Defendant IAN AYRES is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant IAN AYRES is sued in his individual capacity.

10.    Defendant ROBERT THOMPSON is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant ROBERT THOMPSON is sued in his individual capacity.

11.     Defendants DOE 1 to 50 are and/or were agents or employees of Defendants COUNTY OF GLENN and/or GLENN COUNTY SHERIFF'S OFFICE, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.     On or about July 23, 2018, Plaintiff JOSEPH A.L. PETERS was a passenger in a vehicle being driven by Dudley Burrows, Jr. The vehicle was travelling through the City of Willows, California.

14.     The vehicle in which Mr. Burrows and Plaintiff JOSEPH A.L. PETERS were travelling was rear-ended by another vehicle.

15.     Mr. Burrows' vehicle and the vehicle responsible for the accident pulled to the side of the road to exchange information.

16.     Following the exchange of information, an unmarked white vehicle pulled onto the scene.

17.     The driver of the unmarked white vehicle requested that Mr. Burrows remain at the scene.

18.     Mr. Burrows pulled his vehicle back onto the road and continued driving the vehicle on Road 162, towards his intended destination in Elk Creek, California.

19.     Shortly after Mr. Burrows' vehicle left the scene, California Highway Patrol and Glenn County Sheriff's Office vehicles began to pursue Mr. Burrows' vehicle. Plaintiff JOSEPH A.L. PETERS remained a passenger inside of Mr. Burrows' vehicle.

20.     Mr. Burrows drove the vehicle to the Grindstone Indian Rancheria in Elk Creek, California, while being pursued by multiple law enforcement vehicles.

21.     Near Bush Street, the vehicle driven by Mr. Burrows was rammed or "PIT"-maneuvered by a Glenn County Sheriff's Office squad car.

22.     The force of the Glenn County Sheriff's Office's vehicle's impact into Mr. Burrows' vehicle caused Mr. Burrows' vehicle to spin in a 180º fashion.

23.     The vehicle driven by Mr. Burrows came to a stop after the impact and spinning.

3

24. The vehicle driven by Mr. Burrows was facing a Glenn County Sheriff's Office vehicle after coming to a stop.

25. Plaintiff JOSEPH A.L. PETERS attempted to exit Mr. Burrows' vehicle by opening the vehicle's passenger door.

26. As soon as Plaintiff JOSEPH A.L. PETERS began to exit Mr. Burrows' vehicle, several Glenn County Sheriff's Office law enforcement officers, including Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25, pointed and fired their firearms at Plaintiff JOSEPH A.L. PETERS.

27. One of the bullets fired by Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25 hit Plaintiff JOSEPH A.L. PETERS in the stomach.

28. Plaintiff JOSEPH A.L. PETERS ducked back into the Mr. Burrows' vehicle to take cover from the hail of bullets being fired.

29. Mr. Burrows was grazed by bullets on his neck and head.

30. Mr. Burrows put the vehicle in reverse, backed-up the vehicle, and drove from the scene.

31. As Mr. Burrows drove his vehicle from the scene of the shooting, Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25 continued to shoot and hit the vehicle with bullets.

32. On information and belief, more than 60 bullets total were fired by various law enforcement officers, including Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25, at Plaintiff JOSEPH A.L. PETERS and Mr. Burrows.

33. Mr. Burrows parked and exited the vehicle a short distance from the scene of the initial shooting. Mr. Burrows fled the scene.

34. Plaintiff JOSEPH A.L. PETERS remained inside of the vehicle after it was parked and vacated by Mr. Burrows.

35. Plaintiff JOSEPH A.L. PETERS was severely injured and bleeding from the bullet wound on his stomach.

36. Plaintiff JOSEPH A.L. PETERS was handcuffed and arrested by Glenn County Sheriff's Office law enforcement officers, Defendants DOE 1 to 25.

37. Plaintiff JOSEPH A.L. PETERS's transport to a hospital was delayed for approximately

4

one hour. Plaintiff JOSEPH A.L. PETERS was forced to remain at the scene during that period of time, while experiencing severe pain associated with the gunshot wound on his stomach.

38.    Glenn County Sheriff's Office law enforcement officers, Defendants DOE 1 to 25, interrogated Plaintiff JOSEPH A.L. PETERS while waiting for transport to a hospital.

39.    At one point, medical personnel attempting to treat Plaintiff JOSEPH A.L. PETERS's wound were forced to request that Plaintiff JOSEPH A.L. PETERS handcuffs be removed, in order that treatment could be provided.

40.    Eventually, Plaintiff JOSEPH A.L. PETERS was transported to a hospital in Chico, California.

41.    Plaintiff JOSEPH A.L. PETERS was never booked into jail or charged in connection with the incident.

42.    Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE failed to issue Plaintiff JOSEPH A.L. PETERS a detention certificate, as mandated by Cal. Pen. Code §§ 849.5 and 851.6. On information and belief, Plaintiff JOSEPH A.L. PETERS's criminal history inaccurately reflects that he was arrested on July 23, 2018, despite no criminal charges being filed.

**POLICY OR CUSTOM ALLEGATIONS**

43.    Defendant RICHARD L. WARREN JR., acting as Sheriff, is and, at all times material herein, was a final policy-making authority for Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Const. art. XI, § 1(b).

44.    Defendants DOE 26 to 50 are/were policy-making authorities, based on a delegation of authority, for Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

45.    On information and belief, Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's use of unreasonable force against Plaintiff JOSEPH A.L. PETERS resulted from the existence of a policy or custom maintained by Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50. Specifically, the topics of the

5

policies or customs alleged to exist in connection with the incidents giving rise to this action include:

    i.    A policy or custom of action whereby Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50 knowingly participated in creating and maintaining a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force.

    ii.    A policy or custom of inaction whereby Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50 acquiesced in or where deliberately indifference to a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force.

46. The existence of the policies or customs alleged to exist are reflected by Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's use of unreasonable force against Plaintiff JOSEPH A.L. PETERS, including:

    a.    The multiple harms that occurred to Plaintiff JOSEPH A.L. PETERS, including (i) Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's pointing their firearms at Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so; (ii) Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's firing their firearms at Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so; and (iii) Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's shooting Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so.

    b.    The misconduct that occurred in the open, in view of the public, and on tribal reservation land, including (i) Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's pointing their firearms at Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so; (ii) Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's firing their firearms at Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so; and (iii) Defendants IAN AYERS, ROBERT THOMPSON, and/or DOE 1 to 25's shooting Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful

6

justification for doing so.

c.  The involvement of multiple officials in the misconduct, including each of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, who either pointing and shot their firearms at Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so and/or shot Plaintiff JOSEPH A.L. PETERS when he posed no threat and there was no lawful justification for doing so.

47.  Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies or customs because the inadequacies were so obvious and likely to result in the violation of constitutional rights of persons coming into contact with their subordinate officers, including Plaintiff JOSEPH A.L. PETERS.

48.  On information and belief, additional evidence and information related to Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50's policies or customs will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

49.  The First Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

50.  Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 48, to the extent relevant, as if fully set forth in this Claim.

7

51.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

52.     Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

53.     Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

54.     As a direct and proximate result of Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, and punitive damages against Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## SECOND CLAIM

### False Detention/Arrest

### (Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

55.     The Second Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants IAN

8

AYERS, ROBERT THOMPSON, and DOE 1 to 25.

56.     Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

57.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiff JOSEPH A.L. PETERS, without a warrant and without probable cause, or failed to intercede and/or were integral participants to the false detention/arrest of Plaintiff JOSEPH A.L. PETERS, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

58.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

59.     As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

### THIRD CLAIM

**Delay/Denial of Medical Treatment**

**(Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

60.     The Third Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

61.     Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

62.     On information and belief, Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 made an intentional decision to delay Plaintiff JOSEPH A.L. PETERS's ability to obtain medical treatment for his gunshot wound and did not take reasonable available measures to abate that risk, putting

9

Plaintiff JOSEPH A.L. PETERS at substantial risk of suffering serious harm and causing harm, in violation of his rights protected by the Fourteenth Amendment of the U.S. Constitution.

63. Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

64. As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## FOURTH CLAIM

### Procedural Due Process

**(Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983; 28 U.S.C. § 2201(a))**

65. The Fourth Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50.

66. Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth in this Claim.

67. Plaintiff JOSEPH A.L. PETERS possesses liberty and property interests created by the substantive predicates governing official decision-making and the mandatory language contained within Cal. Pen. Code §§ 849.5 and 851.6, which imposes the following requirements on Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, acting under color of state law and as policy-making authorities: (1) an obligation to deem Plaintiff JOSEPH A.L. PETERS's arrest a detention only; (2) an obligation to issue a certificate to Plaintiff JOSEPH A.L. PETERS describing his arrest as a detention only; and (3) an obligation to delete references to Plaintiff JOSEPH A.L. PETERS's arrest from the arrest records of the Glenn County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice.

10

68.     On information and belief, Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, including their agents and employees, maintain policies or customs causing deliberate non-compliance with the mandatory requirements of Cal. Pen. Code §§ 849.5 and 851.6, and those deprivations are ongoing and continuous, in violation of Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourteenth Amendment of the U.S. Constitution. Alternatively, on information and belief, Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, including their agents and employees, maintain inadequate policies or customs, including inadequate training and supervision, requiring implementation of procedural safeguards to prevent highly predictable or patently obvious constitutional violations in the form of compliance with the mandatory requirements of Cal. Pen. Code §§ 849.5 and 851.6, and those deprivations are ongoing and continuous, in violation of Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourteenth Amendment of the U.S. Constitution.

69.     Defendants RICHARD L. WARREN JR. and DOE 26 to 50's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

70.     As a direct and proximate result of Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages and declaratory and injunctive relief against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50 and punitive damages against Defendants RICHARD L. WARREN JR. and DOE 26 to 50.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## FIFTH CLAIM

### Unreasonable Force

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

71.     The Fifth Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN

AYERS, ROBERT THOMPSON, and DOE 1 to 50.

72. Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 48, to the extent relevant, as if fully set forth in this Claim.

73. Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, or aided and abetted the use of excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, in violation of his rights protected by art. I, § 13 of the California Constitution.

74. Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff JOSEPH A.L. PETERS's rights protected by art. I, § 13 of the California Constitution.

75. Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

76. Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

77. As a direct and proximate result of Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, and punitive damages against Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## SIXTH CLAIM

### False Detention/Arrest

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

78.     The Sixth Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

79.     Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

80.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiff JOSEPH A.L. PETERS, without a warrant and without probable cause, or aided and abetted the false detention/arrest of Plaintiff JOSEPH A.L. PETERS, in violation of his rights protected by art. I, § 13 of the California Constitution.

81.     Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

82.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

83.     As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## SEVENTH CLAIM

### Procedural Due Process

### (Article I, § 7(a) of the California Constitution; Cal. Code Civ. Proc. § 1060)

84.    The Seventh Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50.

85.    Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 44, to the extent relevant, as if fully set forth in this Claim.

86.    Plaintiff JOSEPH A.L. PETERS possesses liberty and property interests created by the substantive predicates governing official decision-making and the mandatory language contained within Cal. Pen. Code §§ 849.5 and 851.6, which imposes the following requirements on Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, acting under color of state law and as policy-making authorities: (1) an obligation to deem Plaintiff JOSEPH A.L. PETERS's arrest a detention only; (2) an obligation to issue a certificate to Plaintiff JOSEPH A.L. PETERS describing his arrest as a detention only; and (3) an obligation to delete references to Plaintiff JOSEPH A.L. PETERS's arrest from the arrest records of the Glenn County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice.

87.    On information and belief, Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, including their agents and employees, maintain policies or customs causing deliberate non-compliance with the mandatory requirements of Cal. Pen. Code §§ 849.5 and 851.6, and those deprivations are ongoing and continuous, in violation of Plaintiff JOSEPH A.L. PETERS's rights protected by art. I, § 7(a) of the California Constitution. Alternatively, on information and belief, Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, including their agents and employees, maintain inadequate policies or customs, including inadequate training and supervision, requiring implementation of procedural safeguards to prevent highly predictable or patently obvious constitutional violations in the form of compliance with the mandatory requirements of Cal. Pen. Code §§ 849.5 and 851.6, and those deprivations are ongoing and continuous, in violation of Plaintiff JOSEPH

14

A.L. PETERS's rights protected by art. I, § 7(a) of the California Constitution.

88.     As a direct and proximate result of Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive declaratory and injunctive relief against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## EIGHTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1(b); Cal. Gov. Code §§ 815.2(a), 820(a))

Unreasonable Force

(Fourth Amendment of the U.S. Constitution & Article I, § 13 of the California Constitution)

89.     The Eighth Claim (for "Unreasonable Force") is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

90.     Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 54 and 71 to 77, to the extent relevant, as if fully set forth in this Claim.

91.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, or aided and abetted the use of excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and/or art. I, § 13 of the California Constitution.

92.     Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction, resulting in the violation of Plaintiff JOSEPH A.L. PETERS's rights, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the

15

California Constitution.

93.    Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

94.    Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

95.    As a direct and proximate result of Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages and statutory penalties against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, and punitive damages against Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

False Detention/Arrest

(Fourth Amendment of the U.S. Constitution & Article I, § 13 of the California Constitution)

96.    The Eighth Claim (for "False Detention/Arrest") is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

97.    Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 42, 55 to 59, and 78 to 83, to the extent relevant, as if fully set forth in this Claim.

98.    Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiff JOSEPH A.L. PETERS, without a warrant and without probable cause, or aided and abetted the false detention/arrest of Plaintiff JOSEPH A.L. PETERS, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S.

16

Constitution and/or art. I, § 13 of the California Constitution.

99.     Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

100.     Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

101.     As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages and statutory penalties against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

<u>Delay/Denial of Medical Treatment</u>

<u>(Fourteenth Amendment of the U.S. Constitution & Article I, § 7(a) of the California Constitution)</u>

102.     The Eighth Claim (for "Delay/Denial of Medical Treatment") is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

103.     Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 42 and 60 to 64, to the extent relevant, as if fully set forth in this Claim.

104.     On information and belief, Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 made an intentional decision to delay Plaintiff JOSEPH A.L. PETERS's ability to obtain medical treatment for his gunshot wound and did not take reasonable available measures to abate that risk, putting Plaintiff JOSEPH A.L. PETERS at substantial risk of suffering serious harm and causing harm, with specific intent to deprive his rights protected by the Fourteenth Amendment of the U.S. Constitution and/or art. I, § 7(a) of the California Constitution.

105.     Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately

17

caused by acts or omissions of their employees acting within the scope of their employment, including Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

106.   Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

107.   As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages and statutory penalties against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

Procedural Due Process

(Fourteenth Amendment of the U.S. Constitution & Article I, § 7(a) of the California Constitution)

108.   The Eighth Claim (for "Procedural Due Process") is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50.

109.   Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 44, 65 to 70, and 84 to 88, to the extent relevant, as if fully set forth in this Claim.

110.   Plaintiff JOSEPH A.L. PETERS possesses liberty and property interests created by the substantive predicates governing official decision-making and the mandatory language contained within Cal. Pen. Code §§ 849.5 and 851.6, which imposes the following requirements on Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, acting under color of state law and as policy-making authorities: (1) an obligation to deem Plaintiff JOSEPH A.L. PETERS's arrest a detention only; (2) an obligation to issue a certificate to Plaintiff JOSEPH A.L. PETERS describing his arrest as a detention only; and (3) an obligation to delete references to Plaintiff JOSEPH A.L. PETERS's arrest from the arrest records of the Glenn County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice.

111.   On information and belief, Defendants COUNTY OF GLENN, GLENN COUNTY

18

SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, including their agents and employees, maintain policies or customs causing deliberate non-compliance with the mandatory requirements of Cal. Pen. Code §§ 849.5 and 851.6, and those deprivations are ongoing and continuous, with specific intent to deprive Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourteenth Amendment of the U.S. Constitution and/or art. I, § 7(a) of the California Constitution. Alternatively, on information and belief, Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50, including their agents and employees, maintain inadequate policies or customs, including inadequate training and supervision, requiring implementation of procedural safeguards to prevent highly predictable or patently obvious constitutional violations in the form of compliance with the mandatory requirements of Cal. Pen. Code §§ 849.5 and 851.6, and those deprivations are ongoing and continuous, with specific intent to deprive Plaintiff JOSEPH A.L. PETERS's rights protected by the Fourteenth Amendment of the U.S. Constitution and/or art. I, § 7(a) of the California Constitution.

112.   Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICHARD L. WARREN JR. and DOE 26 to 50.

113.   Defendants RICHARD L. WARREN JR. and DOE 26 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

114.   As a direct and proximate result of Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages, statutory penalties, and declaratory and injunctive relief against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50 and punitive damages against Defendants RICHARD L. WARREN JR. and DOE 26 to 50

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## NINTH CLAIM

### Failure to Discharge Mandatory Duty

### (Cal. Gov. Code § 815.6; Cal. Code Civ. Proc. § 1060)

115.    The Ninth Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE.

116.    Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 44, 65 to 70, and 84 to 88, to the extent relevant, as if fully set forth in this Claim.

117.    Plaintiff JOSEPH A.L. PETERS was arrested and released and no accusatory pleading was filed charging him with an offense. Thereafter, Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE failed to discharge mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6, on a continuing and ongoing basis, including: (1) to deem Plaintiff JOSEPH A.L. PETERS's arrest a detention only; (2) to issue a certificate to Plaintiff JOSEPH A.L. PETERS describing his arrest as a detention only; and (3) on information and belief, to delete references to Plaintiff JOSEPH A.L. PETERS's arrest from the arrest records of the Glenn County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice.

118.    As a direct and proximate result of Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages and declaratory and injunctive relief against Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## TENTH CLAIM

### Assault/Battery

### (Cal. Gov. Code §§ 815.2(a), 820(a))

119.    The Tenth Claim is asserted Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

120.    Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the

20

preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

121. Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 intentionally touched or threatened to touch, or aided and abetted in the intentional touching or threating to touch of Plaintiff JOSEPH A.L. PETERS, without consent, and that touching or threating to touch constituted use of excessive and unreasonable force.

122. Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

123. Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

124. As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## ELEVENTH CLAIM

### False Detention/Arrest

### (Cal. Gov. Code §§ 815.2(a), 820(a))

125. The Eleventh Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

126. Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

127. Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested

21

Plaintiff JOSEPH A.L. PETERS, without a warrant and without probable cause, or aided and abetted the false detention/arrest of Plaintiff JOSEPH A.L. PETERS.

128. Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

129. Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

130. As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## TWELFTH CLAIM

### Intentional Infliction of Emotional Distress

### (Cal. Gov. Code §§ 815.2(a), 820(a))

131. The Twelfth Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

132. Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 48, to the extent relevant, as if fully set forth in this Claim.

133. Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct and, as a result that outrageous conduct, Plaintiff JOSEPH A.L. PETERS suffered severe emotional distress.

134. Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are

22

indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

135.    Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

136.    As a direct and proximate result of Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 and punitive damages against Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## THIRTEENTH CLAIM

### Negligence

### (Cal. Gov. Code §§ 815.2(a), 820(a))

137.    The Thirteenth Claim is asserted by Plaintiff JOSEPH A.L. PETERS against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

138.    Plaintiff JOSEPH A.L. PETERS realleges and incorporates the allegations of the preceding paragraphs 1 to 48, to the extent relevant, as if fully set forth in this Claim.

139.    Defendants IAN AYERS, ROBERT THOMPSON, and DOE 1 to 25 owed Plaintiff JOSEPH A.L. PETERS a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against Plaintiff JOSEPH A.L. PETERS, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

140.    On information and belief, Defendants RICHARD L. WARREN JR. and DOE 26 to 50 owed Plaintiff JOSEPH A.L. PETERS a duty of care and breached that duty by (i) knowingly participating in creating and maintaining a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force; (ii) acquiescing in or acting deliberately indifferent to a culture

23

permitting or encouraging subordinate officers' use of unconstitutionally excessive force; and/or (iii) failing to ensure that the mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6 were lawfully discharged, creating a particular risk or hazard to Plaintiff JOSEPH A.L. PETERS.

141. Defendants COUNTY OF GLENN and GLENN COUNTY SHERIFF'S OFFICE are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

142. Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JOSEPH A.L. PETERS.

143. As a direct and proximate result of Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50's actions and inactions, Plaintiff JOSEPH A.L. PETERS suffered injuries entitling it to receive compensatory damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, and punitive damages against Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50.

WHEREFORE, Plaintiff JOSEPH A.L. PETERS prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSEPH A.L. PETERS seeks Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, according to proof at trial;

2. For a declaration of rights or duties with respect to Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50's failure to discharge mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6;

3. For an injunction with respect to Defendants COUNTY OF GLENN, GLENN COUNTY SHERIFF'S OFFICE, RICHARD L. WARREN JR., and DOE 26 to 50's failure to discharge mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6, requiring them: (1) to deem Plaintiff JOSEPH

24

A.L. PETERS's arrest a detention only; (2) to issue a certificate to Plaintiff JOSEPH A.L. PETERS describing his arrest as a detention only; (3) to delete references to Plaintiff JOSEPH A.L. PETERS's arrest from the arrest records of the Glenn County Sheriff's Office and Bureau of Criminal Identification and Investigation of the Department of Justice; and (4) enjoining the failure to discharge the mandatory duties imposed by Cal. Pen. Code §§ 849.5 and 851.6 in previous and future instances;

2.      For an award of exemplary/punitive damages against Defendants RICHARD L. WARREN JR., IAN AYERS, ROBERT THOMPSON, and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.      For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: January 10, 2019

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiff
JOSEPH A.L. PETERS

25

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JOSEPH A.L. PETERS.

Dated: January 10, 2019                    Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:       (916) 443-6911
Facsimile:        (916) 447-8336

Attorneys for Plaintiff
JOSEPH A.L. PETERS

26